IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JANET VESSELS,                )
                              )
        Plaintiff,            )
                              )
v.                            )   Civil Action No. 3:24-cv-616–HEH
                              )
ARA USH CHICAGO               )
TENANT, LLC, *et al.*,        )
                              )
        Defendants.           )

### MEMORANDUM OPINION
(Resolving Defendants' Motions to Dismiss)

THIS MATTER is before the Court on Defendant ARA USH Chicago Tenant, LLC's ("Chicago Tenant") and Defendant Aimbridge Hospitality, LLC's ("Aimbridge") (collectively, "Defendants") Motions to Dismiss (No. 3:24-cv-616, ECF Nos. 5, 18; No. 3:24-cv-664, ECF No. 6). Plaintiff Janet Vessels ("Plaintiff") filed her Complaint (No. 3:24-cv-616, ECF No. 1-1) against Defendant Chicago Tenant on July 29, 2024, in Henrico County Circuit Court, which was subsequently removed here. Plaintiff also filed a Complaint in this Court against both Chicago Tenant and Aimbridge Hospitality on September 19, 2024, alleging the same conduct as before. (Compl., No. 3:24-cv-664, ECF No. 1.) The cases were consolidated into this action.[1]

---

[1] The two case files for this matter (3:24-cv-616 and 3:24-cv-664) have been consolidated with 3:24-cv-616 as the lead case. Further reference to ECF documents will be to documents from that lead case unless otherwise noted.

Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. at 1.) The parties have filed memoranda supporting their respective positions and the Court heard oral argument on March 5, 2025. At the hearing, the Court denied Defendants' Motion[2] as to Counts I and III for the reasons stated from the bench and articulated below and took the Motion under advisement as to Count II. (Min. Entry at 1, ECF No. 30.) For the following reasons, the Defendants' Motion as to Count II will be granted.

## I. BACKGROUND

Hyatt House Richmond/Short Pump (the "Hotel") is owned, operated, and managed by Chicago Tenant and Aimbridge, together or alternatively. (Compl. ¶¶ 2–3, No. 3:24-cv-664, ECF No. 1.) On September 25, 2022, Plaintiff checked in as a guest at the Hotel. (*Id.* ¶ 15.) Before her arrival, Plaintiff had coordinated ahead to have a conference room reserved for September 26, 2022. (*Id.*) When she arrived at the Hotel, she requested to see the conference room she had reserved. (*Id.* ¶ 16.) Plaintiff was directed to the conference room, which was equipped with multiple two-panel folding partitions that hang from the ceiling and could be maneuvered to subdivide the room. (*Id.* ¶¶ 18–20.) Prior to her arrival, Plaintiff had requested that the Hotel subdivide the conference room, but when she arrived, the Hotel had not done so, and the partitions were grouped together on the side of the room. (*Id.* ¶¶ 18–22.)

---

[2] There are three (3) pending Motions to Dismiss between the two case files, and they all seek the same resolution. (No. 3:24-cv-616, ECF Nos. 5, 18; No. 3:24-cv-664, ECF No. 6.) The Court is construing them as one Motion.

Upon realizing the room had not been subdivided by the Hotel, Plaintiff attempted to do so herself, using the partitions. (*Id.* ¶¶ 23–24.) Plaintiff was able to successfully move one partition via its tracks in the ceiling; however, when she began to move a second partition, it fell on top of her, crushing her body. (*Id.* ¶¶ 23–26.) The partition that fell on her was disconnected from the ceiling track and was leaning against the conference room wall. (*Id.* ¶ 31.)

Plaintiff alleges that these injuries were caused by Defendants' breach of common law negligence, breach of the innkeeper's duty of care to a guest, and negligence *per se*.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey*, 706 F.3d at 387) (alteration in original). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 678).

A court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In considering such a motion, a plaintiff's well-pleaded factual allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). Legal conclusions enjoy no such deference. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim. (Mot. at 1.) First, for the negligence claim (Count I), Defendants argue that Plaintiff's own contributory negligence is clearly established on the face of her Complaint. (Defs.' Mem. in Supp. at 3, ECF No. 19.) Second, for the violation of an innkeeper's duty of care claim (Count II), Defendants argue that there is no standalone claim for "violation of an innkeeper's duty of care," and that if the innkeeper's duty applies, it is simply an aspect or element of a common law negligent action. (*Id.* at 5–6.) Thus, Defendants assert that Count II is duplicative of Count I. (*Id.* at 6.) Finally, Defendants argue that Plaintiff has failed to state a claim for negligence *per se* (Count III) because she has not identified a specific statute that Defendants are alleged to have violated. (*Id.*)

On the other hand, Plaintiff contends that her Complaint does not establish her contributory negligence as a matter of law because it is not so clearly shown on the face of the Complaint that she was negligent. (Pl.'s Resp. in Opp'n at 4–5, ECF No. 20.) Additionally, Plaintiff argues that she should be allowed to plead the duty of care—i.e.,

4

the innkeeper's duty—in the alternative because the facts necessary to determine which duty of care applies have not been sufficiently established. (*Id.* at 6–7.) Finally, Plaintiff contends that she has sufficiently pled a claim for negligence *per se* because she has alleged a violation of the Virginia Uniform Statewide Building Code—specially Part III concerning deficient maintenance. (*Id.* at 7.)

### A. Count I—Negligence

Although the defense of contributory negligence is an affirmative defense not commonly considered on a motion to dismiss, Defendants argue that it may be raised when "'all necessary facts for the defense to prevail' on an affirmative defense appear on the 'face of the complaint.'" (Defs.' Mem. in Supp. at 4 (citing *Buchanan v. Santek Env't of Virginia, LLC*, No. 1:21CV00006, 2021 WL 1866945, at *3 (W.D. Va. May 10, 2021) (quoting *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850–51 (4th Cir. 2016))).) Defendants contend that is the case here. (Defs.' Mem. in Supp. at 4–5.) Specifically, by Plaintiff's own account, she entered the conference room the day before her scheduled reservation and began to move the room's heavy partitions. (*Id.*) Defendants emphasize the fact that Plaintiff did not have permission to move the partitions on that day. Accordingly, Defendants conclude that "no reasonable person would enter the property of another and start to rearrange furniture or fixtures," and any person who does—as Plaintiff did here—is contributorily negligent. (*Id.* at 5.)

While Plaintiff concedes that contributory negligence may be considered on a motion to dismiss under certain circumstances, she contends that the Defendants have not proven that her Complaint so clearly shows on its face that she failed to act as a

5

reasonable person would have acted. (Pl.'s Resp. in Opp'n. at 4.) Plaintiff argues that Defendants are asking the Court to make inferences that are inappropriate at this stage. (*Id.* at 5.) Plaintiff points out that the Complaint does not allege that she ignored any warning signs or other indicators that may have alerted Plaintiff to the danger and rendered her behavior unreasonable. (*Id.*) Ultimately, Plaintiff contends that "there is nothing on the face of the pleadings that [shows she] did not act as a reasonable person would have acted under the circumstances once she was allowed to enter the unlocked conference room." (*Id.*)

Later stages of litigation—such as summary judgment or trial—may determine Plaintiff was contributorily negligent, but it is not plainly evident at this time. For Plaintiff to be contributorily negligent, Defendants must show that under an objective standard, Plaintiff "failed to act as a reasonable person would have acted for [her] own safety under the circumstances." *Ponirakis v. Choi*, 546 S.E.2d 707, 710 (Va. 2001). Contributory negligence is typically a question of fact. *Sawyer v. Comerci*, 563 S.E.2d 748, 752 (Va. 2002). It can, however, become a question of law "only when reasonable minds could not differ about what conclusion could be drawn from the evidence." *Jenkins v. Pyles*, 611 S.E.2d 404, 407 (Va. 2005). For Defendants to succeed at the motion to dismiss stage, the face of the complaint must include all necessary facts and details for the defense to prevail. *Leichling*, 842 F.3d at 850–51. Although the Complaint includes some facts which could indicate contributory negligence, such negligence is not sufficiently clear and many of the facts required for such a conclusion are absent. Therefore, the Court denies Defendants' Motion to Dismiss as to Count I.

### B. Count II—Violation of an Innkeeper's Duty

Here, Plaintiff contends that her innkeeper's duty claim is not duplicative of common law negligence and should be maintained because the duty owed to her by Defendants is unclear at this stage. (Pl.'s Resp. in Opp'n at 7.) She asserts that she should be allowed to plead in the alternative until the correct duty is determined. (*Id.*)

Plaintiff and Defendants' legal relationship—and any kind of potential legal duty arising from that relationship—has not been determined. Yet lack of clarity does not permit the continued existence of duplicative claims. "[R]elative to many other legal relationships, an innkeeper's duty of care to its guest is heightened," but the level of care required of Defendant is an alternative theory, not an alternative cause of action. *Jarmak v. Ramos*, 497 F. App'x 289, 292 (4th Cir. 2017) (citing *Taboada v. Daly Seven, Inc.*, 626 S.E.2d 428, 433 (Va. 2006)). And alternative theories—about what duty of care applies—do not give rise to separate and independent causes of action. *See Hehl v. Belk*, 2024 WL 3930974, at *4 n.3 (W.D. Va. Aug. 22, 2024) (rejecting plaintiff's argument that possible confusion between different potential duties of care is sufficient to maintain multiple independent claims that each only allege differences in the duty of care owed). Moreover, in Virginia "what duty rests upon the defendant is a law question and whether or not the duty was properly performed is a purely factual matter for the jury." *Acme Mkts, Inc. v. Remschel*, 24 S.E.2d 430, 434 (Va. 1943); *see, e.g., Thompson ex rel. Thompson v. Skate America, Inc.*, 540 S.E.2d 123, 127 (Va. 2001) (discussing alternative duties for negligence).

7

Although it has not been established what duty, if any, Defendants may have owed to Plaintiff, she is not entitled to plead as many different theories of negligence as possible with each as a separate count. Plaintiff herself describes some of these alternative levels of care: Defendants may have owed her a heightened duty of care if they were an innkeeper, an absolute duty if Defendants were aware of an unsafe condition, or even no duty of care if Plaintiff was a trespasser when she entered the conference room. (*Id.* at 5–6.) The factual circumstances of the case would change the level of care owed to Plaintiff but not change the claim—that of negligence.

The correct duty of care that was owed by Defendants is a question of law for this Court to decide. *Acme Mkts, Inc.*, 24 S.E.2d at 434. Once that duty of care is determined, it will influence the trajectory of Count I, the common law negligence claim. Allowing the continuation of Count II when the Defendants' status as an innkeeper has yet to be proven or disproven—and when that determination would directly mirror the duty of care owed for Count I—would allow the continuation of a duplicative cause of action. Accordingly, the Court will grant Defendants' Motion as to Count II, which will be dismissed without prejudice.

### C. Count III—Negligence *Per Se*

Defendants assert that Plaintiff has failed to state a claim for negligence *per se* because Plaintiff has not sufficiently identified a statute, regulation, or code that has been violated. (Defs.' Mem. in Supp. at 6.) However, Plaintiff has alleged the violation of Part III of the Virginia Uniform Building Code which is the Virginia Maintenance Code. While the Virginia Maintenance Code is general, it does put Defendants on notice for the

8

statute or code that they allegedly violated. Accordingly, allegations of the failure to maintain pursuant to the Virginia Maintenance Code are sufficient to put Defendants on notice for negligence *per se*. See Hehl, 2024 WL 3930974, at *3 (holding that the defendant had fair notice of a negligence *per se* claim when a plaintiff's complaint merely alleged that "Belk's elevator electrocut[ed] Hehl because it did not comply with relevant laws and regulations"). Therefore, the Court denies Defendants' Motion as to Count III.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions will be granted only as to Count II, which will be dismissed without prejudice. As was ordered at the conclusion of oral argument on this matter, the Motions as to Counts I and III are denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 31, 2025
Richmond, Virginia